UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL R. FARMER,<br>a married person,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>and RON SHAFFER and REBECCA<br>SHAFFER, husband and wife,<br><br>        Defendants. | NO. **CV-13-0251-LRS**<br><br>**ORDER DENYING<br>MOTION TO DISMISS,**<br>*INTER ALIA* |

**BEFORE THE COURT** is the Motion To Dismiss (ECF No. 14) filed by Defendant United States Of America. This motion was heard with oral argument on October 16, 2014.

**I. BACKGROUND**

Plaintiff seeks to recover damages for injuries sustained as a result of alleged negligence by Defendant Ron Shaffer. According to Plaintiff's First Amended Complaint (ECF No.20), he was working for Jones Brothers Construction in Inchelium, Washington on October 25, 2011. Plaintiff was part of a construction crew that was building a pole-style structure for the local Fire Hall/EMT Unit. The structure was being constructed pursuant to a contract between Confederated Tribes Of The Colville Indian Reservation and

**ORDER DENYING
MOTION TO DISMISS -         1**

<sub>1</sub> Jones Brothers Construction. Plaintiff alleges that on that day, "[a]n EMT on duty for the Colville Confederated Tribes EMT Unit, Ronald L. Shaffer, took it upon himself to help the construction crew." According to the First Amended Complaint, while Plaintiff was on a ladder setting girder trusses, "Mr. Shaffer negligently swung a sledge hammer and struck [Plaintiff's] left hand with the sledge hammer causing [a] fracture to his long finger and other injuries."

Plaintiff sues the United States under the Federal Tort Claims Act (FTCA), 26 U.S.C. §2674. He sues Mr. Shaffer and his wife, presumably, for common law negligence under this court's supplemental jurisdiction, 28 U.S.C. §1367(a). Pursuant to Fed. R. Civ. P. 12(b)(1), the United States now moves to dismiss the FTCA claim against it, asserting there is no subject matter jurisdiction because Mr. Shaffer was not acting pursuant to the contract between the U.S. Department of Health and Human Services (HHS) and the Colville Confederated Tribes, and furthermore, was not acting within the scope of his employment with the Tribes.

## II. DISCUSSION

### A. 12(b)(1) Motions

There are two types of 12(b)(1) motions. A "facial attack" attacks subject matter jurisdiction solely on the basis of the allegations in the complaint, together with documents attached to the complaint, judicially noticed facts, and any undisputed facts evidenced in the record. All of these are construed in a light most favorable to the plaintiff. A "factual attack" attacks subject matter jurisdiction as a matter of fact based on extrinsic evidence apart from the pleadings. The primary difference between the two types of attack is that whereas under a facial attack, the court must consider the allegations of the complaint as true, under a factual attack, the court determines

**ORDER DENYING
MOTION TO DISMISS -        2**

<sub>Case 2:13-cv-00251-LRS    Document 34    Filed 10/22/14</sub>

the facts for itself. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where extrinsic evidence is disputed, the court may weigh the evidence and determine the facts in order to satisfy itself that it has power to hear the case. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The burden of proof is on the plaintiff as the party who invoked federal jurisdiction. *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Where the facts are controverted or credibility issues are raised, the court, in its discretion, can order an evidentiary hearing to determine its own jurisdiction. *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

For reasons discussed *infra*, the court finds it can treat and resolve the United States' 12(b)(1) motion as a "facial attack" based on the allegations in the Plaintiff's First Amended Complaint, together with certain undisputed facts evidenced in the record.

**B.  ISDEAA**

The Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), Public Law 93-368, authorizes federal agencies to contract with Indian tribes to provide services on the reservation. *Snyder v. Navajo Nation*, 382 F.3d 892, 896 (9th Cir. 2004). "The purpose of the ISDEAA is to increase tribal participation in the management of programs and activities on the reservation." *Id.* at 896-97. In order to "limit the liability of tribes that agreed to these arrangements, Congress [ ] provided that the United States would subject itself to suit under the Federal Tort Claims Act . . . for torts of tribal employees hired and acting pursuant to such self-determination contracts under the ISDEAA." *Id.* at 897. "The FTCA provides a waiver of the United States government's sovereign immunity for tort claims arising out of the conduct of

**ORDER DENYING
MOTION TO DISMISS -            3**

government employees acting within the scope of their employment." *Adams v. United States*, 429 F.3d 1049, 1051 (9th Cir. 2005)(citing 28 U.S.C. §1346(b)(1)). "The FTCA provides that the government 'shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . .'" *Garcia v. United States*, 826 F.2d 806, 809 (9th Cir. 1987)(quoting 28 U.S.C. §2674).

A two-part analysis is used when determining whether the actions or omissions of a tribal employee are covered under the FTCA. The first inquiry is whether the tribal employee is a federal employee and focuses primarily on the scope of the ISDEAA contract and whether the contract authorized the acts or omissions forming the basis of the underlying claim. *Allender v. Scott*, 379 F.Supp.2d 1206, 1211 (D. N.M. 2005). If the court concludes that the claim at issue resulted from the performance of functions under the ISDEAA contract and that the tribal employee should be deemed a federal employee, the second inquiry examines whether the tribal employee was acting within the scope of his employment. *Id.* at 1211, 1218.

The scope of the employment is determined according to the principles of respondeat superior of the state in which the tort occurred, in this case, Washington. *Lutz v. Secretary of the Air Force*, 944 F.2d 1477, 1488 (9th Cir. 1991). Under Washington law, the test for determining whether an employee acted within the scope of his employment is:

> Whether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, *or* by specific direction of his employer; or . . . whether he was engaged at the time in the *furtherance of the employer's interest*.

*Dickinson v. Edwards*, 105 Wn.2d. 457, 716 P.2d 814, 819 (Wash. 1986)(emphasis in original). The Washington Supreme Court has emphasized the importance of the benefit to the employer in applying this test. The

**ORDER DENYING**
**MOTION TO DISMISS -          4**

emphasis is on the benefit to the employer rather than the control or involvement of the employer. *Id*. "[I]f the purpose of serving the employer's business 'actuates the servant to any appreciable extent,'" the employer is liable for the conduct of the employee, even if the employee's predominant motive is to benefit himself. *Vollendorff v. United States*, 951 F.2d 215, 218 (9th Cir. 1991)(quoting *Leuthold v. Goodman*, 157 P.2d 326, 330 (Wash. 1945)).

### 1. Scope Of Contract

The "Indian Self-Determination Agreement" between The Colville Confederated Tribes and the Department of Health and Human Services Indian Health Services (IHS Contract Number 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), effective October 1, 1995, states at Paragraph (a)(2) that the purpose of the agreement is "to transfer the funding and the following related functions, services, activities, and programs . . ., including all related administrative functions, from the Federal Government to the Contractor."  The following are listed:  Health Administration; Community Health Representative; Maternal Child Health; Community Health Nurse; Nutrition; Mental Health; Alcohol and Substance Abuse; Youth Rehabilitation and Aftercare; Environmental Health Services; Health Education; Engineering Technician; Emergency Medical Services; and Inchelium Ambulatory Clinic. (ECF No. 15-1 at p. 6).

IHS Contract Number 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 is funded by annual funding agreements between the Tribes and the United States.  An Annual Funding Agreement (AFA) covering the fiscal year October 1, 2011 through September 30, 2012, which encompasses the date of the accident in question, provides at Section 6 that the Tribes agrees to perform the following "Programs, Functions, Services and Activities [PFSAs]:"  Alcohol and Substance Abuse; Community

**ORDER DENYING
MOTION TO DISMISS -                5**

Health Nursing; Community Health Representative; Emergency Medical Services; Environmental Health Services; Health Administration; Health Education; Maternal Child Health; Mental Health; Nutrition; and Sanitation Facility Construction. (ECF No. 15-2 at p. 22). Section 10 of the AFA states:

> For purposes of Federal Tort Claims Act (FTCA) coverage, FTCA applies to all PFSAs referenced in this AFA to the extent provided in Section 102(c) and 102(d) of the ISDEAA and as set forth in 25 C.F.R. §§900.180-210.

Section 102(c) of the ISDEAA, 25 U.S.C. §450f(c), requires the Secretary of Health and Human Services or the Secretary of the Interior, or both, to obtain or provide liability insurance or equivalent coverage for Indian tribes carrying out agreements pursuant to the ISDEAA.[1]  Section 102(d), 25 U.S.C. §450f(d), provides that with respect to any claims by any person for personal injury, including death, resulting from the performance of "medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations," or with respect to any such claims by any person resulting from the operation of an emergency motor vehicle, an Indian tribe carrying out a self-determination agreement "is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees . . . are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement."

The scope of the aforementioned IHS Contract and AFA is broad enough that this court concludes they authorized the act of Mr. Shaffer which forms the basis of the tort claim. Mr. Shaffer's act falls within the broad purview of "Emergency Medical Services" listed in IHS Contract Number 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

---

[1] See definition of "Secretary" at 25 U.S.C. §450b(i).

**ORDER DENYING**
**MOTION TO DISMISS -**         **6**

and listed as one of the PFSAs in the accompanying AFA.[2]  Therefore, Mr. Shaffer is deemed a federal employee for FTCA purposes.  The IHS Contract and AFA are not specifically limited to strictly medical-related functions. While it is true that Section 102(d) of the ISDEAA appears to limit itself to medical-related claims, the applicable regulations found in 25 C.F.R. §§900.180-210, and referenced in the AFA, do not.  Those regulations recognize that medical-related claims and non-medical-related claims may arise from the performance of functions under self-determination contracts, including those with the Department of Health and Human Services.

   Consistent with Section 102(d), 25 C.F.R. §900.190 provides:

> [N]o claim may be filed against a self-determination contractor or employee for personal injury or death arising from the performance of medical, surgical, dental, or related functions by the contractor in carrying out self-determination contracts under the [ISDEAA].  Related functions include services such as those provided by nurses, laboratory and x-ray technicians, emergency medical technicians and other health care providers including psychologists and social workers.  All such claims shall be filed against the United States and are subject to the limitations and restrictions of the FTCA.

But there is also 25 C.F.R. §900.204, recognizing that the scope of self-

---

[2] The same is true with regard to what apparently was a predecessor contract between the Colville Tribe and the United States, No. 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.  This contract was modified in September 1990.  One of the modifications pertained to the scope of work for "Ambulance Services."  (ECF No. 15-3 at pp. 30-31). It was specified that this scope of work included providing and managing "the personnel, materials and equipment required for the **total program operation**." (*Id*. at p. 37)(emphasis added).  The record suggests this scope of work may have also been incorporated into the 1995 contract. (*Id*. at pp. 39-41).

**ORDER DENYING
MOTION TO DISMISS -            7**

determination contracts is broad enough to encompass non-medical-related functions:

> [N]o claim may be filed against a self-determination contractor or employee based upon performance of non-medical-related functions under a self-determination contract. Claims of this type must be filed against the United States under the FTCA.

The negligence claim at issue in this case resulted from the performance of a non-medical-related function authorized under the ISDEAA contract. Therefore, Mr. Shaffer is deemed a federal employee and an FTCA claim against the United States is the exclusive means by which Plaintiff can seek to recover damages for alleged negligence. The next question is whether at the time of the alleged act of negligence, Mr. Shaffer was acting within the scope of his employment with the Tribes such that the United States can be held liable under the FTCA.

**2. Scope Of Employment**

It appears that at the time of the accident, Mr. Shaffer was not engaged in the performance of the duties required of him by "his contract," assuming there was such a contract distinct from the self-determination agreement between the Tribes and the United States. It further appears that at the time of the accident, Mr. Shaffer was not acting at the specific direction of his employer (the Tribes). Nevertheless, there simply is no question that Mr. Shaffer was engaged in the furtherance of his employer's (the Tribes') interest. It is undisputed that completion of the pole-style structure for the local Fire Hall/EMT Unit had fallen behind schedule and prompt completion of the same would allow emergency personnel to be housed in the same unit as their emergency vehicles, improving emergency response times.

**ORDER DENYING MOTION TO DISMISS -** 8

## III. CONCLUSION

The Motion To Dismiss (ECF No. 14) filed by Defendant United States Of America is **DENIED**. The FTCA claim against the United States may proceed. Pursuant to 28 U.S.C. §2679(b)(1), this is the exclusive remedy and no claims may be maintained against Mr. Shaffer individually. Accordingly, named Defendants Ron and Rebecca Shaffer are **DISMISSED with prejudice** as are any claims asserted against them under the FTCA or common law. The dismissal of the Shaffers from this action eliminates that as a basis for the parties' "Joint Expedited Motion To Vacate Current Case Schedule Order" (ECF No. 32). For the other reasons stated by counsel during the oral argument, however, the court **GRANTS** the "Joint Expedited Motion To Vacate Current Case Schedule Order" (ECF No. 32). The current Scheduling Order (ECF No. 9) is **VACATED**. Within ten (10) days of the date of this order, counsel shall jointly propose new trial dates for the court's consideration.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this ___22nd___ of October, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge